UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY FIDLER, derivatively on behalf of CELSION CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL H. TARDUGNO, JEFFREY W. CHURCH, NICHOLAS BORYS, DONALD P. BRAUN, AUGUSTINE CHOW, FREDERICK J. FRITZ, ROBERT W. HOOPER, ALBERTO R. MARTINEZ, and ANDREAS VOSS,<br><br>  Defendants,<br><br>and<br><br>CELSION CORPORATION,<br><br>  Nominal Defendant. | Case No.: 3:21-cv-02662<br><br>**JOINT STIPULATION AND ORDER TO STAY DERIVATIVE ACTION** |

Plaintiff Timothy Fidler ("Plaintiff"), Nominal Defendant Celsion Corporation ("Celsion" or the "Company"), and Defendants Michael H. Tardugno, Jeffrey W. Church, Nicholas Borys, Donald P. Braun, Augustine Chow, Frederick J. Fritz, Robert W. Hooper, Alberto R. Martinez, and Andreas Voss (collectively, the "Individual Defendants" and together with Celsion, the "Defendants") (Plaintiff and Defendants collectively, the "Parties"), through their undersigned counsel, hereby stipulate and agree, as follows:

WHEREAS, on February 16, 2021, Plaintiff filed a shareholder derivative action on behalf of Celsion in this Court alleging breaches of fiduciary duty, unjust enrichment, waste of corporate assets, violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and for contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants, captioned *Fidler v. Tardugno, et al.*, Case No. 3:21-cv-02662-BRM-ZNQ (the

"Derivative Action");

WHEREAS, on March 2, 2021, Plaintiff served the complaint filed in the Derivative Action (the "Complaint") on the Company;

WHEREAS, an earlier-filed and related securities class action involving related claims and defenses, including alleged violations of the Exchange Act, is pending in the United States District Court for the District of New Jersey, captioned *Spar v. Celsion Corporation, et al.*, Case No. 3:20-cv-15228-MAS-DEA  (the "Securities Class Action");

WHEREAS, the defendants in the Securities Class Action anticipate filing a motion to dismiss the complaint;

WHEREAS, if this Derivative Action were not stayed, Defendants would anticipate filing a motion to dismiss the complaint;

WHEREAS, counsel for the Parties in the Derivative Action have conferred regarding the status of this litigation and how it may proceed;

WHEREAS, based upon the overlapping parties and factual allegations in the Derivative Action and the Securities Class Action, and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's approval, that all proceedings and deadlines in the Derivative Action should be temporarily stayed, pending resolution of the anticipated motion to dismiss filed in the Securities Class Action, provided Defendants expressly reserve the right to challenge the Complaint and allegations therein on, or any amended Complaint and allegations therein, on any and all grounds, and do not waive any arguments or defenses, except as set forth below;

WHEREAS, through this stipulation, Plaintiff and Defendants do not concede any procedural or substantive rights;

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. The defense counsel identified below accept service as of March 12, 2021 on behalf of the Individual Defendants, and Defendants shall not contest the sufficiency of process or service of process; provided, however, that this Stipulation does not constitute a waiver of any other defense, including but not limited to the defense of lack of personal jurisdiction (except as caused by proper service of the complaint), subject matter jurisdiction or improper venue.

2. Except as noted below, all proceedings, including any motion practice, obligation to respond to the Complaint in the Derivative Action and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, in the Derivative Action shall be temporarily stayed until the resolution of the anticipated motion to dismiss in the Securities Class Action.

3. Defendants shall promptly notify Plaintiff should they become aware of any related derivative lawsuits ("Related Derivative Actions"), or threatened, related derivative lawsuits, including books and records demands or litigation demands ("Threatened, Related Derivative Actions"), of which they become aware.

4. Defendants shall promptly notify Plaintiff if a court or the parties decline to stay a Related Derivative Action for a similar or longer duration than the stay of the Derivative Action.

5. If a Related Derivative Action is not stayed for the same or longer duration as the stay of the Derivative Action, Plaintiff may lift the agreed stay upon thirty (30) days' written notice via email to Defendants' undersigned counsel.

6. Defendants shall endeavor in good faith to include Plaintiff's attendance in any mediation or formal settlement discussion with the plaintiff(s) in the Securities Class Action, any

purported plaintiff in any Related Derivative Action, or any purported shareholder in any Threatened, Related Derivative Actions, to the extent permitted by the Court and agreed to by other parties; provided that if Plaintiff is not included, Defendants shall separately mediate with Plaintiff at or about the same time.

7. Defendants shall promptly provide Plaintiff with copies of any documents produced to plaintiff(s) in the Securities Class Action, any Related Derivative Actions, and any Threatened, Related Derivative Actions.

8. Prior to the production of any documents by Defendants to Plaintiff, the Parties shall enter into a confidentiality agreement and/or a protective order.

9. Notwithstanding this stay, Plaintiff may file an amended complaint, although Defendants shall be under no obligation to respond to the amended complaint during the pendency of the stay.

10. All hearings or conferences currently scheduled in the Derivative Action shall be postponed until the date and time that will be specified in the Court's ruling on the proposed scheduling order to be submitted by the Parties after the stipulated stay of proceedings is lifted.

11. Within fourteen (14) days of the date that the stay is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action., including but not limited to Defendants' anticipated filing of a motion to dismiss in the Derivative Action, and that the deadline for Defendants to respond to the Complaint or any amended Complaint in this Derivative Action shall be extended until, at a minimum, thirty days from the date such stay is lifted.

12. After the stay is lifted, Defendants shall not move to stay the Derivative Action in deference to any other derivative action.

13. The parties reserve, and this stipulation does not prejudice, any and all of their respective rights, claims, and defenses, including as to venue and to seek or oppose a further stay, and to make a motion to dismiss the Complaint or any amended complaint and to oppose such a motion.

**IT IS SO STIPULATED.**

| | |
|---|---|
| March 18, 2021 | **GIBBONS P.C.** |
| | |
| | s/ Kate E. Janukowicz |
| | Kate E. Janukowicz |
| | One Gateway Center |
| | Newark, New Jersey 07102 |
| | Telephone: (973) 596-4913 |
| | Facsimile: (973) 639-8325 |
| | Email: kjanukowicz@gibbonslaw.com |
| | |
| | **BAKER MCKENZIE** |
| | Perrie Weiner* |
| | Ben Turner* |
| | 10250 Constellation Boulevard |
| | Los Angeles, California 90067 |
| | Telephone: (310) 201-4728 |
| | Facsimile: (310) 201-4721 |
| | Email: Perrie.Weiner@bakermckenzie.com |
| | Ben.Turner@bakermckenzie.com |
| | |
| | *pro hac vice* application forthcoming |
| | *Counsel for Defendants* |
| | |
| Respectfully submitted, | **PAWAR LAW GROUP, P.C.** |
| | |
| March 18, 2021 | s/ Vik Pawar |
| | Vik Pawar |
| | 20 Vesey Street, Suite 1410 |
| | New York, NY 10007 |
| | Telephone: (212) 571-0805 |
| | Facsimile: (212) 571-0938 |
| | Email: vik@pawarlaw.com |

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, New York 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff*

**IT IS SO ORDERED** this  19th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE
BRIAN R. MARTINOTTI